IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| KEVION RAMON WILLS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO.  5:07cv150 |
| TELFORD UNIT COMMITTEE | § | |

ORDER

   Rule 8(a), Fed. R. Civ. P., requires that pleadings setting out a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief.  A short and plain statement of the claim is one which gives the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Conley v. Gibson, 355 U.S. 41, 47 (1957); *see* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160 (1993).

   The Court has examined the pleading submitted by the Plaintiff Kevion Wills and has determined that said pleading does not set out a short and plain statement of the claim giving fair notice of the nature of the plaintiff's claim or of the grounds upon which it rests.  Consequently, this Court has the duty to obtain "a short and plain statement of [the plaintiff's] complaint, a statement which rests on more than conclusions alone." Shultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995) (*en banc*).  It is accordingly

   ORDERED that the Plaintiff Kevion Wills shall have thirty days from the date of receipt of this order in which to file a more detailed pleading.  This amended pleading shall present a short and plain statement setting forth the Plaintiff's claims, including the following:

1. A concise statement of each of the claims which Wills wishes to raise, together with the facts giving rise to each of these claims, including the dates of occurrences of these events.  Wills is instructed that he must furnish specific facts, not merely conclusory allegations. \

2. The punishment which Wills received as a result of the disciplinary case complained of, including whether or not any such punishment affected an entitlement to early release from prison.

3. Whether or not Wills is eligible for release on mandatory supervision.

4. Whether or not Wills challenged this disciplinary case through both steps of the prison grievance procedure, and the responses given to his appeal.

5. The specific relief sought by Wills in this lawsuit.

Failure by the Plaintiff to file an amended pleading which complies with this order may lead to a recommendation that this lawsuit be dismissed, with or without prejudice, for failure to prosecute or to obey any order of the Court. Rule 41(b), Fed. R. Civ. P.

**SIGNED this 15th day of October, 2007.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE