IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KEVION RAMON WILLS   #800689 | § | |
| v. | § | CIVIL ACTION NO. 5:07cv150 |
| TELFORD UNIT COMMITTEE | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

  The Plaintiff Kevion Wills, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

  Wills says that on May 9, 2007, he was taken to a disciplinary hearing on a charge of aggravated assault against another inmate, Joseph Bryant.  Prior to this hearing, he was placed in administrative segregation.  At the hearing, Wills says that he was denied the opportunity to present a reasonable defense and that Sgt. Frank Warner, the unit gang intelligence officer, destroyed or denied him evidence in the form of a surveillance videotape, which Wills says would have proved him innocent.  As a result of the case, Wills was reassigned to administrative segregation and some personal property, including tennis shoes, T-shirts, and gym wear, were confiscated and destroyed.  Wills also complained that the disciplinary case put a factor on his record which will cause him to be denied parole, and that it has caused him to suffer mental anguish.  For relief, he seeks monetary damages, release from administrative segregation, and replacement of the clothing items which were lost.

1

Wills attached documents to his pleadings which show that no good time was taken from him as a result of the disciplinary case, although he was recommended for placement in administrative segregation because of the case. Instead, Wills received a reprimand and was directed to remain in Line Class III, the lowest classification tier in TDCJ-CID. Prison records show that Wills is serving a sentence for murder and is not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report on December 12, 2007, recommending that the lawsuit be dismissed. After observing that Wills' lawsuit was properly brought as a civil rights lawsuit rather than a habeas corpus petition, the Magistrate Judge noted that for his procedural due process claim to stand, Wills had to show the denial of a constitutionally protected liberty interest.

The Magistrate Judge then discussed Sandin v. Conner, 115 S.Ct. 2293 (1995), wherein the Supreme Court held in the prison context that the nature of the deprivation was the operative fact in determining whether or not a liberty interest existed. In the present case, the deprivations cited by Wills included a reprimand, remaining in Line Class III, and placement in administrative segregation, none of which are deprivations which infringe upon a constitutionally protected liberty interest.

The Magistrate Judge also stated that although Wills complained that his chances for parole would be adversely affected, this also did not show the violation of a protected liberty interest because the Fifth Circuit has expressly held that there is no liberty interest in release on parole in the State of Texas. Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Thus, the Magistrate Judge said, the placement of a "factor" on Wills' parole record did not implicate any constitutionally protected liberty interest, but only the "mere hope" of parole, which hope is not protected by due process.

Next, the Magistrate Judge said that Wills' complaints about the personal property which he lost did not state a claim in federal court because of the Supreme Court's decisions in Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1984), which set out the principle that a random or unauthorized deprivation of a prisoner's property does not violate

procedural due process if the State provides an adequate post-deprivation remedy. Because the State of Texas provides an adequate post-deprivation remedy through the administrative processes of TDCJ as well as the courts of the State of Texas, the Magistrate Judge concluded that this claim could not stand in federal court.

Finally, the Magistrate Judge turned to Wills' claims of mental anguish and emotional distress, stating that such claims are torts and thus fall under Texas law, and that in any event, 42 U.S.C. §1997e(e) requires a showing of physical injury for claims by prisoners for mental or emotional injury, and Wills made no such showing that a physical injury had occurred in connection with the mental anguish and emotional distress which he claimed. The Magistrate Judge therefore recommended that Wills' lawsuit be dismissed.

Wills filed objections to the Magistrate Judge's Report on December 20, 2007. In his objections, Wills says first that he did have a protected liberty interest which was violated, because he was placed in administrative segregation before the disciplinary hearing, which he says is improper. However, Wills has not shown that he has a protected liberty interest in being free from administrative segregation, and in fact the Fifth Circuit has specifically rejected such an interest. Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

The fact that Wills was placed in administrative segregation prior to the disciplinary hearing also does not show a constitutional violation. The Supreme Court has stated that a prisoner may be placed in administrative segregation for a few days pending a hearing on a disciplinary matter or completion of an investigation of alleged misconduct. Hewitt v. Helms, 459 U.S. 460, 476-77 (1983). Even if this placement violated prison rules and regulations, this by itself does not show a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). This objection is without merit.

Third, Wills argues that he did in effect lose good time. He says that when he was placed in administrative segregation, this made him ineligible for custody and classification

3

promotion, which made it impossible for him to have a job which would give him work time credits, which in turn would accrue toward his release from incarceration. He says that work time credits "substitute" for wages, with the understanding that credit for working would be combined with flat time to accelerate release from imprisonment.

Similar claims have been rejected by the Fifth Circuit. In Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000), the Court held that a disciplinary sanction which did not forfeit previously earned good time, but reduced the inmate's good-time earning status, did not show the violation of a constitutionally protected liberty interest because the effect of the inmate's time-earning class on his ultimate release date was too attenuated to invoke the procedural guarantees of the Due Process Clause. The Court therefore concluded that there was no constitutional right to a particular time-earning status. In Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), the Fifth Circuit rejected a claim that reduced opportunity to earn good-time credits invoked a constitutionally protected liberty interest.

Similarly, Wills' contention that the loss of opportunity to earn work time credits deprives him of a constitutionally protected liberty interest is without merit. *See also* Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995) (no constitutional right to or expectancy in obtaining or retaining a particular prison job).

In addition, while Wills appears to draw a distinction between good time and work time credits, these are the same under Texas law; work time is nothing more than good time which is given for working. Tex. Gov. Code Ann. art. 498.003(d) (Vernon 1993). The possibility of obtaining a job from which work time credits could be earned, which could possibly serve to reduce the duration of Wills' incarceration, is too speculative a reed upon which to support a claim of infringement of a constitutional right. Malchi, 211 F.3d at 959. This is particularly true in light of the fact that because Wills is not eligible for release on mandatory supervision, any good time or work time which he earned could only apply to his release on parole, a status in which he has no constitutional liberty interest in any event. Wills' objection on this ground is without merit.

Wills appears to argue that <u>Parratt</u> and <u>Hudson</u> apply to the destruction of the evidence in the disciplinary hearing, which destruction he says was unauthorized by TDCJ regulations as well as by state law. As the Magistrate Judge explained, <u>Parratt</u> and <u>Hudson</u> apply to Wills' claim of the destruction of his personal property by prison officials, and those cases hold that his claim for the destruction of his property has no basis in federal law because an adequate state post-deprivation remedy exists. These cases are not applicable to Wills' claim that property was destroyed in his disciplinary hearing.

Instead, that claim founders on the fact that Wills has not shown that the disciplinary case of which he complains deprived him of a constitutionally protected liberty interest. *See* <u>Sandin</u>, 115 S.Ct. at 2301. Although Wills claims a liberty interest in remaining free from administrative segregation and in not being deprived of personal property, these assertions lack merit; the Fifth Circuit, as stated above, has held that there is no constitutional right to be free from placement in administrative segregation, and Wills' claim concerning his property is governed by <u>Parratt</u> and <u>Hudson</u> so as to provide that this complaint is properly heard through the administrative and judicial avenues of the State of Texas and not in federal court .

Finally, Wills complains that since his placement in administrative segregation, he has been "assaulted and sexually harassed" by state correctional officers. Any claims of this nature are not part of the present lawsuit, and the dismissal of the present lawsuit will not prevent Wills from filing another Section 1983 action if he believes that his civil rights have been violated.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous as to its refiling in federal court. This dismissal is without prejudice as to any claims which Wills may assert through the administrative processes of the Texas prison system or the courts of the State of Texas with regard to emotional distress or the loss of his property, and is without prejudice as to any claims which Wills may have concerning the conditions of his confinement in administrative segregation, which claims may be brought in state or federal court. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 24th day of March, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE